[No. 16483.  Department One.  November 29, 1921.]

OPHIR INVESTMENT COMPANY, *Appellant,* v. ALEXANDER REALTY CORPORATION, *Respondent.*[1]

CORPORATIONS (49)—STOCK—ISSUANCE OF CERTIFICATE—PERSONS ENTITLED AND REMEDIES—CONVERSION. Where a receipt for payment of a subscription to capital stock recited the stock was "to be issued as soon as stock book has been opened," it was, in legal effect, a promise given and accepted that, as soon as the stock book was opened, a certificate would be issued, and in the absence of a demand and refusal of a certificate at any subsequent date, no action against the corporation for conversion of the stock will lie.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered December 21, 1920, upon granting a nonsuit, dismissing an action for damages for conversion of corporate stock.  Affirmed.

*John A. Sorley* and *Grant A. Dentler,* for appellant.

*Grosscup & Morrow* and *Chas. A. Wallace,* for respondent.

[1]Reported in 201 Pac. 897.

MITCHELL, J.—The Alexander Realty Corporation was incorporated under articles dated January, 1919. It appears all of its capital stock of $600,000 was subscribed. It does not appear if the stock was paid up. It purchased certain real property from the Ophir Investment Company, and as a part of the purchase price therefor, signed and delivered its receipt as follows:

"Tacoma, Wash., June 18, 1919.

"Received from Ophir Investment Co. Forty-five hundred $...........Dollars in full payment for 45 shares of stock of the Alexander Realty Corporation. Certificate of stock to be issued as soon as stock book has been opened. This stock representing part of the purchase price for Lots 25 and 26, Block 505 New Tacoma.

"Alexander Realty Corporation,
"H. F. Alexander, President."

In July, 1920, the Ophir Investment Company not having received a certificate of stock in the usual form under the seal of the company and the signatures of its officers, this suit was commenced. The complaint sets out the receipt of June 18, 1919, and in paragraphs 4 and 5 it is alleged:

"That said defendant at all times since said 18th day of June, 1919, has failed, neglected and refused to cause said 45 shares of stock, or any part thereof, to be issued and delivered to said plaintiff, although demand therefor has been made upon said defendant by said plaintiff.

"That said plaintiff is damaged in the sum of $4,500, together with interest thereon at the rate of 6 per cent per annum from the 18th day of June, 1919, because of said defendant's failure, neglect and refusal to issue and deliver to said plaintiff said 45 shares of stock as aforesaid."

Judgment was demanded in the sum of $4,500, together with interest from June 18, 1919.

The answer denied that any demand was ever made for a certificate of stock, and admitted that no certificate of stock had been issued to the plaintiff. The plaintiff, in its reply to certain allegations of affirmative matter set up in the answer, admitted "that defendant has never opened stock books and that no demand has ever been made by plaintiff upon said defendant to open said stock books." It further admitted that, at the date of the final payment on the lands purchased, June 18, 1920, (about a month before the suit was brought and a year after the delivery of the receipt set out in the complaint) the plaintiff was informed by the defendant that its stock book had not been opened and that no stock certificate had been issued to any subscriber, at which last named date, or since, no demand has been made by the plaintiff for a certificate of stock. Upon the trial of the case without a jury, the court granted a motion of the defendant to dismiss the action at the close of plaintiff's case. From a judgment of dismissal, the plaintiff has appealed.

It is argued by counsel for the appellant that the respondent has refused, upon demand, to issue a certificate of forty-five shares of stock; that the refusal amounts to a conversion, thus perfecting a cause of action in damages at the election of the injured party; and that, where there is no proof of actual or market value of the stock (the case here), the value is presumptively its par value. A number of authorities is furnished in support of the contention. What may sometimes be spoken of as a refusal, upon demand, to issue a certificate of stock to one entitled to it may not necessarily amount to a conversion. But let that be as it may, the rule, if it be favored, cannot be applied in this case for the lack of facts upon which to rest it. There is no claim on the part of the appellant in either

the pleadings or proof that there has ever been any demand by it for a certificate of stock or refusal of it by the respondent, other than what occurred on June 18, 1919, at the time of the giving of the receipt in question. The account of that transaction, as testified to by the president of the appellant corporation, was that, on June 18, 1919, when he delivered the deed (evidently he meant contract for the sale of the land, because the last of the purchase price was not to be paid and deed given until June 10, 1920), to the officers of the respondent corporation, he stated that he did not consider it was proper for him to deliver it until he had the stock, and was told that he (officer of the respondent corporation) could not deliver the stock but would give a receipt—that he could not deliver the stock because the stock book had not been opened and he did not know when it would be opened. This account of what occurred was corroborated by other witnesses who were present on that occasion. It was according to that understanding the receipt was issued.

It follows, therefore, that whatever preliminary negotiations and conversations with reference to the stock may have been had on that occasion, they became merged into the written receipt that was made by one party and taken by the other. The receipt says, "certificate of stock to be issued as soon as stock book has been opened." The language, with which the appellant was content, as shown by its acceptance of the receipt, is inconsistent with the claim of a demand by the appellant for a present delivery of the certificate, and at the same time negatives the idea of a refusal on the part of the respondent to deliver the certificate, in the sense of its constituting a conversion. In this respect the legal effect of the transaction was a promise, given and accepted, that, as soon as the stock book was opened, a certificate would be issued, and, as already

stated, there is no claim of a demand or refusal at any subsequent date. There is no pleading or proof that the appellant has been refused any notice of, or denied participation in, the business affairs of the respondent, nor is there any pretense or claim of fraud in the transaction; while, by its pleading, the appellant admits that, at the time the action was commenced, the stock book had not yet been opened so as to issue stock to any subscriber or person entitled thereto.

Judgment affirmed.

PARKER, C. J., FULLERTON, TOLMAN, and MACKINTOSH, JJ., concur.